The People of the State of Illinois, Plaintiff-Appellee, *v.* Philip Oden *et al.*, Defendants-Appellants.

(No. 59578; 

First District (4th Division)—February 13, 1975.

Frederick F. Cohn, of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of

Cook County. The defendants were indicted for the offenses of rape and robbery. A jury found both defendants not guilty of robbery. The jury was unable to reach a verdict on the charge of rape, and the trial court declared a mistrial. Upon retrial before a second judge and jury, the defendants were found guilty of rape and sentenced to a term of 7 to 21 years in the Illinois State Penitentiary.

The issues presented on appeal are: (1) Whether the defendants were proven guilty beyond a reasonable doubt of the offense of rape; (2) whether the defendants were prejudiced by the closing argument of the prosecuting attorney; (3) whether the evidence seized from defendant Clay's automobile was improperly admitted into evidence; and (4) whether the trial court improperly denied defendants' motion to dismiss based upon the double jeopardy clause, where the jury in the first trial could not reach a verdict and the court declared a mistrial.

On January 25, 1969, Mrs. Jacqueline Spratt left work alone and took two different buses to 100th and Michigan Avenue, approximately seven blocks from her home. After getting off the bus, Mrs. Spratt began walking towards her home. When she was two doors from her house, she was grabbed from behind by a man. Mrs. Spratt attempted to struggle with her assailant until he placed an object against her head and told her "he didn't want to shoot" her. The assailant then forced Mrs. Spratt into a car parked in a nearby alley. Mrs. Spratt sat in the back seat with the assailant. Another man was driving the car. The two men drove to a "park area" where the man in the back seat raped the complainant. The driver of the car then raped complainant. The two men drove to a residential area where they again had intercourse with the complainant. Defendants then drove around the area, during which time the first defendant attempted to have intercourse with Mrs. Spratt a third time. The defendants finally stopped the car and told complainant to get out. She had been in the automobile approximately two hours. After leaving the car, Mrs. Spratt noted the license number, then walked to a service station and called her husband. When her husband arrived, Mrs. Spratt returned home, told her husband she had been raped, and told him the license number of the car. Mr. Spratt immediately called the police. Defendants Larry Clay and Philip Oden were subsequently arrested by the police and later identified by the complainant in a line-up. At the time of his arrest, defendant Clay was asked by the police for the keys to his automobile, which was to be impounded. Defendant Clay gave his keys to an Officer Pierson, who drove the car to the police station. While locking the car at the station, Officer Pierson observed a black toy gun sticking out from the rear seat. The toy gun was admitted into evidence at the trial. Both defendants denied raping the complainant and

presented two alibi witnesses at the trial. Both defendants admitted riding around together in the car the day of the rape.

At the pretrial hearing on defendants' motion to suppress evidence, defendant Clay testified the police told him to give up the keys to his automobile. Officer Pierson testified he asked Clay for the keys and Clay voluntarily gave up his keys. The trial court denied defendants' motion to suppress.

■■ The defendants first contend they were not proven guilty beyond a reasonable doubt of the offense of rape. Defendants argue the testimony of the complaining witness, standing alone and uncorroborated, was insufficient to sustain a conviction. In support of their contention, the defendants rely primarily on the decision in *People v. Moore* (1972), 6 Ill.App.3d 932, wherein the appellate court reversed a rape conviction on the basis of reasonable doubt. The court, in reversing, stated the principles applicable to review of a "single witness" rape case. The court stated at page 935:

> "We begin with the principle that as reviewing court we are charged with the duty to examine the evidence in rape cases with great care. [Citations.] This charge flows from the nature of rape prosecutions, a nature that places on a reviewing court '[t]he duty to scrutinize the sum and substance of the evidence upon which a conviction for rape is predicated.' [Citation.] In *People v. Brown*, 99 Ill.App.2d 281, 241 N.E.2d 653, we emphasized the function of this scrutiny when we said that '[b]ecause of the nature of the crime, reviewing courts are charged with an extraordinarily high standard of care in examining the evidence in a rape case.'"

■■ In scrutinizing the sum and substance of the evidence in the case at bar, we believe the defendants were proven guilty beyond a reasonable doubt of the offense of rape. The testimony of the complaining witness was clear and convincing and was corroborated by other evidence presented at trial. The fact that defendants presented the alibi testimony of their mothers does not create a reasonable doubt of defendants' guilt. As stated in *People v. Jackson* (1973), 54 Ill.2d 143, 149:

> "[T]he defendant argues that the trial court did not give sufficient weight to the testimony of his alibi witnesses and that their testimony raises reasonable doubt of his guilt. There is no obligation on a trial court to believe alibi testimony over positive identification of an accused, even though given by a greater number of witnesses."

The second contention of the defendants is that they were prejudiced by the closing argument of the prosecuting attorney. During his closing argument to the jury, the prosecutor stated:

"The defense in this case says, and even admits, the defendants concede the description fits these men. I think that would establish the case that we have beyond a reasonable doubt. It is inconceivable to me, to the People, this woman would fabricate this type of story, if we are to assume it is a story, as was indicated before. What reason would she possibly have? When we call witnesses to the stand to testify, we vouch for their credibility. The People are saying in essence, that person is telling the truth and you should believe her."

Defendants contend this comment was a prejudicial, personal statement as to the credibility of the complaining witness, and the prosecutor's personal opinion of defendants' guilt.

■■ We do not agree with the defendants' contention. It is well settled that in closing argument to the jury, a prosecutor may discuss the witnesses and their credibility. (*United States v. Cotter* (1st Cir. 1970), 425 F.2d 450.) In the instant case, the prosecuting attorney merely commented on the credibility of the complaining witness. No personal comment or highly personal argument appears in the record. The defendants were not prejudiced by the prosecutor's closing remarks.

Defendants next contend the evidence seized from Larry Clay's automobile was improperly admitted into evidence. Defendants argue the evidence was seized from defendant Clay without his consent in that the keys to his automobile were not voluntarily relinquished, but turned over to the police only upon demand. The State maintains, however, that defendant Clay voluntarily delivered the keys to his car to the police and consented to the search of his car.

■■■ A review of the record in the present case indicates the trial court decided the question of whether consent to search the automobile had been given by defendant Clay to the police on the ground of credibility. The trial court stated:

"I believe * * * that the defendant delivered the keys voluntarily to the officers. I believe that with an air of bravado, that he did so, but he delivered the keys to the officer voluntarily."

An appellate court will not interfere with findings based on the credibility of witnesses except where the evidence raises a reasonable doubt of the defendant's guilt. (*People v. Suriwka* (1971), 2 Ill.App.3d 384.) In *People v. Bradley* (1973), 12 Ill.App.3d 783, 787, the appellate court stated:

"The cases hold that consent to search by the police is valid when it is freely and intelligently given and is unequivocal and specific in its nature. [Citation.] The nature of the consent in this case and whether it complied with these requirements were issues of fact for the trial court which raised questions of credibility."

618

In the instant case, the trial court believed the police officers and disbelieved the defendant. There is substantial evidence to support the conclusions of the trial court and this court will not disturb them.

The defendants finally contend the trial court improperly denied defendants' motion to dismiss based upon the double jeopardy clause, where the jury in the first trial could not reach a verdict and the court declared a mistrial.

■■■ The defendants' contention is not well taken. The constitutional prohibition against double jeopardy does not bar a new trial of the defendant following the declaration of a mistrial due to the failure of the first jury to reach a verdict, unless there has been an abuse of discretion in the court's dismissal of the first jury. (*People v. Nilsson* (1970), 44 Ill.2d 244.) The court, in the case at bar, questioned the foreman and each juror and was informed the jury was in a complete deadlock and could not reach a verdict. Under such circumstances, the court did not abuse its discretion in declaring a mistrial and dismissing the jury.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.