THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES DONALD WINSTON, Defendant-Appellant.

(No. 12381;

Fourth District—May 8, 1975.

John F. McNichols and Daniel D. Yuhas, both of State Appellate Defender's Office, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert James Steigmann, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant was found guilty by a jury of armed robbery. He received a sentence of 5 to 15 years' imprisonment.

On appeal, defendant contends: (1) he was not proved guilty beyond

a reasonable doubt; (2) the introduction of testimony about a separate criminal offense was improper and prejudicial; (3) defendant's right to effective appellate review was denied by failure to transcribe closing arguments, and (4) the sentence was excessive. Defendant's counsel waives issues (3) and (4) at oral argument, and, therefore, these issues will not be discussed.

Three persons were present at the Stevens Floor Covering Store in Champaign, Illinois, on September 26, 1972, at the time that the armed robbery was committed. These three witnesses were Mr. and Mrs. Hoerner, the owners of the store, and their daughter, Mrs. Collins, who was working there that day. Their testimony showed that the store was well lighted by both natural and artificial light. The person who committed the armed robbery had been in the store for 10 to 15 minutes before he announced the robbery, which itself took 5 to 15 minutes. All three witnesses identified the defendant as the armed robber, either positively or tentatively, from a collection of 21 photographs shown them by the police within an hour of the robbery. All three identified the defendant at a lineup several days after the robbery. All three positively identified the defendant in court as the person who had committed the robbery.

Defendant presented an alibi defense. Joyce Clark, with whom defendant frequently stayed, testified that he was in her apartment during the crucial hours. A friend of hers corroborated this testimony. Defendant himself testified that he had never been in the store and had spent the entire day at Joyce Clark's.

Defendant contends that he was not proved guilty beyond a reasonable doubt, because the identification testimony was vague and uncertain. This contention is centered around defendant's mustache. It was stipulated at trial that defendant possessed a mustache on the date of the occurrence. None of the three witnesses, however, included a mustache in their first description of the robber to the police. Mr. Hoerner also expressed uncertainty about the robber having a mustache when he viewed the defendant at the lineup, although he positively identified the defendant as the robber at trial.

■■ This contention, that guilt was not proved beyond a reasonable doubt because of the failure of the identification witnesses to remember a mustache, is not a new contention. In a majority of these mustache cases, it is held that the witness' inability to remember a mustache is not sufficient to render the witness' identification vague or uncertain:

> "But precise accuracy in describing facial characteristics is unnecessary where an identification is positive." (*People v. Catlett*, 48 Ill.2d 56, 63, 268 N.E.2d 378, 381.)

Often, identifications are not made by distinguishing separate features,

but by the total impression made upon the witness. Minor omissions or discrepancies in description go only to the weight of the evidence. *People v. Bennett*, 9 Ill.App.3d 1021, 293 N.E.2d 687.

The defendant cites several cases where it is said that the failure by a witness to recall a mustache may be important in determining whether an identification is vague or uncertain. However, there are present in each of these cases factors which distinguish them from the case at bar. For example, conditions for making an identification at the time of the occurrence were very poor, either because of poor lighting or the extremely short time the witness had to view the person. (See *People v. Marshall*, 74 Ill.App.2d 483, 221, N.E.2d 133; *People v. Kincy*, 72 Ill. App.2d 419, 219 N.E.2d 662.) It is undisputed that the witnesses here had plenty of time and very good lighting conditions. Another factor which may render identification vague and uncertain is that discrepancies exist between the witness' first description of the person who committed the offense, and the description of the defendant, not only as to the presence of a mustache, but other factors as well, such as height and weight. (See *People v. Martin*, 95 Ill.App.2d 457, 238 N.E.2d 205.) It is evident from the record in this case that most of the descriptions given by the witnesses very closely correspond with defendant's description.

The other cases cited by the defendant are similarly distinguishable.

■■ Positive testimony of even one witness, if credible, is sufficient to sustain a conviction. (*People v. Catlett.*) The fact that the witnesses could not remember whether the robber had a mustache goes only to the credibility of those witnesses, and this is a question for the jury, whose decision will not be overturned on appeal. *People v. Guyton*, 53 Ill.2d 114, 290 N.E.2d 209.

■■ Defendant's second contention is that the State presented testimony of a separate criminal act, and that this testimony was improper and prejudicial. During the State's cross-examination of defendant's alibi witness, Joyce Clark, the witness was asked if any threats had been used to induce her testimony. She replied in the negative. The State's attorney then inquired whether she had been threatened with being beaten with a belt if she did not testify. She denied this. At this point defendant made the only objection which he made to this line of inquiry. The objection was that the questioning was improper unless the State could establish that the witness had in fact been so beaten. The questioning then turned to a criminal complaint which had been filed against the defendant by Clark in July, 1972. The State's attorney asked in considerable detail concerning the events leading up to the filing of the complaint which was predicated on a quarrel between defendant and Clark during which she had been struck with a belt. Defendant's counsel on

240

redirect also questioned Clark in regard to the incident. We have noted that only one objection was made, and it was specific. A specific objection waives all grounds not specified. (*People v. Curry,* 56 Ill.2d 162, 306 N.E.2d 292.) On the day following the above testimony defendant moved for a mistrial because of this questioning of Clark. The trial judge denied the motion. The jury was instructed, however, that the testimony was to be considered only with regard to the relationship of the parties and not as evidence of guilt. The matter was not referred to in closing argument. Since all of the now complained of testimony was elicited without objection (except as above noted) and since defendant himself, on redirect examination of Clark, went into the same line of inquiry, and in further view of the limiting instructions we see no reversible error. The judgment is, accordingly, affirmed.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.