540

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT KING, Defendant-Appellant.

First District (3rd Division)   No. 61728

Opinion filed October 21, 1976.

James J. Doherty, Public Defender, of Chicago (James L. Rhodes and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Michael D. Melber, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Robert King was found guilty in a non-jury trial of the offense of armed robbery and was sentenced to the penitentiary for a term of 5 to 15 years. He contends that his guilt was not proved beyond a reasonable doubt and that his sentence was excessive.

Arnold Nasby, a route salesman for the Centennial Laundry, testified that about 6 a.m. on July 11, 1973, he was walking out of a customer location at 238 North Pine Street in Chicago when an automobile containing three youths stopped, about 25 feet from him. The driver (later identified as Robert King) and the youth seated in the front passenger seat (identified as Willie Taylor) got out of the car with guns

and approached Nasby. The third youth, a juvenile, remained in the rear seat of the car. King placed a shotgun to Nasby's stomach, told him to remain quiet and announced a holdup. Taylor, armed with a pistol, circled Nasby, searched his pockets from the rear and removed his money and keys. King and Taylor then returned to the car and assumed their prior seating positions. As the car proceeded in reverse along Pine Street, Nasby wrote down a description of the car and its license number. The car then proceeded forward toward Nasby who heard King tell Taylor to "shoot him." There were parked cars between the robbers' car and Nasby, and he threw himself to the ground. No shots were fired. Nasby called the police and gave them a description of the car and its occupants.

Nasby further testified that the morning was sunny and that he observed the defendant face to face for several minutes. He viewed a lineup on the day following the robbery, but identified no one. He viewed a second lineup on July 14 and at that time identified King and Taylor as the two assailants. He testified that he identified them from their faces, their hair and their clothing, which was the same as they had worn on the morning of the robbery and which he described as including brown T-shirts with bare midriffs. The witness was questioned on cross-examination concerning a prior out-of-court statement, wherein he said he was approached by three youths, and a prior in-court statement which indicated that King was holding the pistol during the robbery. Nasby, however, did not recall making either statement.

Officer Michael Gallagher testified that he and his partner took a statement from Nasby at the scene of the crime which included descriptions of the car and the assailants. The car was registered to John Williams of a North Kostner address and a search of that area failed to disclose the automobile. The vehicle had not been reported stolen. Gallagher was later called as a defense witness and testified that his report showed that the complaining witness had told him that he had been approached by three youths during the robbery but he had no independent recollection of that statement without reference to the report of which he was not the sole author.

Investigator John McMahon of the Chicago Police Department testified that he went to the vicinity of the North Kostner address on the evening of the robbery to search for the suspect car. He observed it parked in an alley; the five persons in the car fled from the police. McMahon chased the two who had been in the front seat and apprehended the occupant of the passenger side. He called to the occupant of the driver's seat to stop; that person stopped momentarily, turned and looked at the officer from a distance of about 25 feet before continuing his flight. McMahon identified that person as Robert King. On

July 14 McMahon again observed King and three others seated in an automobile in the area and placed him and Willie Taylor under arrest. The officer testified that King and Taylor wore the same clothing when arrested that they wore at the July 14 lineup, as portrayed in photographs of the lineup. Nasby also identified the photographs and the record suggests that his description of the robbers' clothing matched that worn by them at the time of their arrest and lineup.

King testified in his own behalf and raised the defense of alibi. He stated that he had been at home and in bed at 6 a.m. on July 11, 1973, and that his mother and brothers were present when he awoke at 8 or 8:30 a.m. and that he had told this to the arresting officers. He claimed that he wore a blue T-shirt when arrested, as did his friend Willie Taylor. There was a stipulation that in rebuttal the arresting officer would deny that King told him of the alibi.

The defendant's mother testified that she could not say where he was at 6 a.m. on July 11, but that he should have been home in bed. She could not recall anything special about that date to remind her of his whereabouts.

The trial court reviewed the evidence in great detail and commented that the testimony of the complaining witness was clear, convincing and unswerving, and that it was corroborated by his initial identification to the officers and by the defendant's subsequent association with the suspect car. It was disclosed during the hearing in aggravation and mitigation that King, 18 years of age at the trial and 17 years of age on the date of the incident, had no prior criminal record, that he had been employed and that he had come from a broken home. The court noted the severity of the offense; that the defendant was armed with a shotgun and twice threatened the victim ·with harm. The court stated that, but for the defendant's youth, it would have adopted the State's recommendation of 8 to 24 years instead of imposing a sentence of 5 to 15 years.

■■ The foregoing summary of the evidence requires rejection of the defendant's contention that his guilt was not proved beyond a reasonable doubt. His identification as one of the robbers was, as the trial court noted, direct, consistent and convincing. (*People v. Lee* (1975), 27 Ill. App. 3d 712, 327 N.E.2d 574.) It is for the trier of fact to resolve alleged omissions and discrepancies in a complaining witness' testimony. (*People v. Winston* (1975), 28 Ill. App. 3d 237, 328 N.E.2d 49.) The cases cited by the defendant involve questionable identifications and are therefore not applicable to the instant case. We discern no basis to disturb the trial court's determination of guilt.

■■ The defendant's contention that the sentence imposed is excessive is also without merit. The trial court noted the seriousness of the offense, including the fact that the victim was threatened with a shotgun and that

the defendant directed his companion to shoot the victim as the latter was writing down the information that ultimately led to the defendant's arrest. Further, the circumstances disclose a premeditated and well-planned robbery. The defendant and his companions were riding on the streets at 6 a.m. armed with a shotgun and a pistol. He and Taylor alighted from the car at the same time and, as the defendant confronted their victim with a shotgun and announced a holdup, Taylor placed his pistol in the victim's back and commenced taking his property.

The sentence for armed robbery provided by statute is a minimum of 4 years and a maximum of any number of years in excess thereof. (Ill. Rev. Stat. 1973, ch. 38, pars. 18—2(b) and 1005—8—1.) The sentence imposed was within the limits prescribed by the statute and was within the trial court's discretion under the circumstances of this case.

The judgment is affirmed.

Judgment affirmed.

McNAMARA and McGLOON, JJ., concur.