THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DONALD CUMMINGS *et al.*, Defendants-Appellees.

Third District   No. 76-20

Opinion filed April 22, 1977.

Edward Petka, State's Attorney, of Joliet (Thomas Cowgill, Assistant State's Attorney, of counsel), for the People.

Robert Agostinelli and Michael Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendants, Theopolis Wells and Donald Cummings, were charged by indictment with the offense of armed robbery. In April of 1975, they were tried before a jury for that offense, but after eight hours of jury deliberations and after the jury foreman informed the trial judge that the jury was deadlocked and that additional time could not resolve the deadlock, the trial judge, the Honorable Robert Buchar, declared a mistrial. The defendants did not object to the declaration of a mistrial. Following the declaration of mistrial the jury foreman related the results of the jury's voting:

| 1st ballot | - | 4 guilty-8 not guilty |
| 2nd ballot | - | 7 guilty-5 not guilty |
| 3rd ballot | - | 2 guilty-10 not guilty |
| 4th ballot | - | 1 guilty-11 not guilty |
| 5th ballot | - | 3 guilty-9 not guilty |
| 6th ballot | - | 6 guilty-6 not guilty |
| 7th ballot | - | 7 guilty-5 not guilty |
| 8th ballot | - | 7 guilty-5 not guilty |

A second jury trial was commenced against the defendants on July 15, 1975. This trial was also presided over by Judge Buchar. After 10 hours of

jury deliberation and after the jury foreman indicated that further deliberation would not enable the jury to reach a verdict, a mistrial was again declared. However, in this case just prior to the declaration of mistrial, the defendants renewed their motion that a "hung jury be declared." This jury gave the following report of the results of their balloting:

| 1st ballot | - | 6 guilty-5 not guilty (1 undeclared) |
| 2nd ballot | - | 8 guilty-4 not guilty |
| 3rd ballot | - | 9 guilty-3 not guilty |
| 4th ballot | - | 10 guilty-2 not guilty |
| 5th ballot | - | 10 guilty-2 not guilty |
| 6th ballot | - | 10 guilty-2 not guilty |

On August 21, 1975, Judge Buchar heard arguments on the defendants' motion to dismiss the indictment. Subsequently, the defendants' motion was granted, the trial court ruling that the defendants had been placed in double jeopardy. From the order of the trial court dismissing the indictment, the State appeals.

■■ Double jeopardy is proscribed by the Constitution of the United States (amend. V), the 1970 Constitution of Illinois (art. I, § 10) and section 3—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—4). The double jeopardy clause of the fifth amendment to the Constitution of the United States is applied to the States through the due process clause of the fourteenth amendment. *Benton v. Maryland* (1969), 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056.

Neither the Federal nor the State prohibition against placing a defendant in double jeopardy prevents the retrial of a defendant after the declaration of a mistrial, unless the trial court abused its discretion. (*United States v. Perez* (1824), 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165; *People v. Nilsson* (1970), 44 Ill. 2d 244, 255 N.E.2d 432; *People v. Oden* (1st Dist. 1975), 26 Ill. App. 3d 613, 325 N.E.2d 446.) The defendants in this case do not argue that the trial court abused its discretion in declaring either of the two mistrials.

In a case similar to the case at bar, the United States Court of Appeals for the Second Circuit decided that two mistrials due to deadlocked juries would not support the dismissal of an indictment on grounds of double jeopardy. (*United States v. Castellanos* (2d Cir. 1973), 478 F. 2d 749.) In the *Castellanos* case, the defendant was tried in March of 1972 and retried in August of that year. Both trials were short and rested on a simple issue of credibility. In the case before this court, the defendants were retried within a few months of the first trial, both trials were short and the report of proceedings indicates that the testimony of only one witness, the alleged victim, is involved. For these reasons, we believe the rationale in

*Castellanos* is applicable to this case. We conclude, therefore, that double jeopardy is not a bar to a retrial in this case and that the trial court erred in dismissing the indictment.

However, based on footnote 4 in *Castellanos*, the defendants raise another argument in support of affirmance of the trial court's action. That footnote suggests that a defendant may argue that repeated trials are a violation of due process, even though there is not violation of the double jeopardy clause. As a result, these defendants have put forth a due process argument.

■■■ The defendants, in the second jury trial, made a motion for a mistrial while the jury was deliberating. The effect of a declaration of mistrial is to continue the case for trial before another jury. (53 Am. Jur. *Trial* § 967 (1945); R. Hunter, Trial Handbook for Illinois Lawyers § 78:1 (4th ed. 1972).) Double jeopardy attaches after a mistrial is *improperly* directed only if the defendant neither requests the mistrial nor consents thereto. (R. Hunter, Trial Handbook for Illinois Lawyers § 78:6 (4th ed. 1972).) Since the defendant, in making a motion for a mistrial is, in effect, requesting a new trial before a different jury, we, therefore, find that a retrial in this case neither places the defendants in double jeopardy nor violates due process.

■■ We are unable to agree with the suggestion of the Second Circuit in footnote 4 of *Costellanos*. A general rule of statutory construction would require the specific clause pertaining to double jeopardy, and any judicial interpretation thereof, to control in a conflict with the more general due process provisions. In *State v. Preston* (1970), 9 N.C. App. 71, 175 S.E.2d 705, the Court of Appeals of North Carolina, while commenting that under some circumstances the number of trials alone might be so excessive that due process limitations are exceeded, returned the defendant to the trial court for a fifth trial. Nevertheless, in a habeas corpus proceeding, the United States District Court found that this fifth trial was a violation of the defendant's constitutional protection against double jeopardy. (*Preston v. Blackledge* (E.D.N.C. 1971), 332 F. Supp. 681.) After comparing these cases and considering that, at least as far as the United States Constitution is concerned, the double jeopardy clause is applied to the States through the due process clause, the logical conclusion is that the number of trials is not a violation of due process unless it also places the defendant in double jeopardy.

Accordingly, the order of the Circuit Court of Will County dismissing the indictment is vacated, and the cause is remanded for a new trial.

Order vacated and cause remanded.

STENGEL, P. J., and SCOTT, J., concur.