THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PATRICK M. SCHROEDER, Defendant-Appellant.

Second District    No. 81-60

Opinion filed April 7, 1982.

Arthur H. Zimmerman, of Des Plaines, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant-appellant, Patrick Schroeder, and co-defendant, Thomas Streck, were charged by information with four counts of deviate sexual assault, one count of aggravated kidnapping, one count of intimidation, one count of attempt (rape), and one count of robbery (Ill. Rev. Stat. 1979, ch. 38, pars. 11—3, 10—2(a)(3), 12—6(a)(1), 8—4, 18—1). Prior to their trials, both defendants moved to suppress identification evidence and to sever their trials. The trial court denied defendants' motion to suppress, but granted their motion to sever. In a separate trial, the co-defendant was acquitted. After a bench trial, defendant Schroeder was found guilty on four counts of deviate sexual assault, aggravated kidnapping, intimidation and robbery, resulting in a sentence of 10 years in the Department of Corrections on the four deviate sexual assault convictions and five years on the intimidation conviction, the sentences to run concurrently. Defendant Schroeder brings this appeal.

■■ Defendant initially contends that the identification testimony was vague, doubtful and uncertain, and, therefore, he was not proven guilty beyond a reasonable doubt of any of the charges. We disagree. It is well settled that, where the identification of the accused is at issue, the testimony of a single witness is sufficient to convict, even if the identification testimony is contradicted by the accused, provided that the witness is credible and the accused is viewed under circumstances which would permit a positive identification to be made. *People v. Johnson* (1980), 94 Ill. App. 3d 200, 206.

■■■ The record demonstrates that the victim had ample opportunity to view her assailants in an area adequately supplied with artificial light. The victim could describe certain facial features of the assailants despite their faces being covered most of the time with nylon stocking masks. The degree of attention of the witness was more than casual or passing, in that she was the victim of one of the most personally humiliating crimes. The witness' description of the person who had initially grabbed her matched the defendant except for the fact that the defendant was lighter than the victim's estimate and had a distinctive moustache. These discrepancies in the witness' testimony do not destroy the witness' credibility, for an identification is usually not made by distinguishing separate features but by the "total impression" made upon the witness. (*People v. Moore* (1977), 50 Ill. App. 3d 952, 957; *People v. Winston* (1975), 28 Ill. App. 3d 237, 239.) The record further demonstrates that within three weeks of the offense, the witness picked the defendant out of a lineup of eight individuals with little or no difficulty. Thus, the record does establish that the victim's identification was positive and precise, and that the failure to detect the presence or absence of a moustache is a minor discrepancy and does not destroy the credibility of the witness. *People v. Agosto* (1979), 70 Ill. App. 3d 851, 856.

■■ The foregoing evidence also establishes that, considering the total circumstances of the matter, the identification was reliable and admissible even though some suggestive remarks were made during the confrontation procedure. In making this determination we have applied the factors which the United States Supreme Court indicated should be considered in evaluating the likelihood of misidentification, to wit: the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. *Neil v. Biggers* (1972), 409 U.S. 188, 199, 34 L. Ed. 2d 401, 411, 93 S. Ct. 375, 382.

■■ We have reviewed these factors and the evidence in light of any corrupting effect of the alleged suggestive procedures. (*Manson v. Brath-*

*waite* (1977), 432 U.S. 98, 116, 53 L. Ed. 2d 140, 155, 97 S. Ct. 2243, 2254.) Although each participant in the lineup wore a wristband with his name printed on it with one-half inch lettering, there was no evidence that any of the witnesses knew the names of the accused at the time. Additionally, although defendant's attorney heard someone state, "[E]veryone wants to see 2 and 5 [the two co-defendants] again, right? Everybody 2 and 5," there was no evidence that any of the witnesses heard this remark. There was testimony that neither of the two detectives who had testified at the hearing heard this statement; moreover, the witnesses were located in an adjacent room. Finally, although all the witnesses to the lineup were placed in the same room, both before and after viewing the lineup, there was no testimony which indicated that the witnesses discussed the accuseds' descriptions. (*People v. Norfleet* (1972), 4 Ill. App. 3d 758, 763-64.) We therefore conclude that the trial court was correct in finding that the defendant had failed to sustain his burden in establishing that the lineup procedure was impermissibly suggestive. (*People v. Watkins* (1970), 46 Ill. 2d 273, 278; *People v. Anton* (1981), 100 Ill. App. 3d 344, 348; see *People v. Jones* (1975), 60 Ill. 2d 300, 308.) The trial court did not err in denying defendant's motion to suppress the identification testimony.

■■ Defendant, citing *People v. Beasley* (1976), 41 Ill. App. 3d 550, also contends that the acquittal of the codefendant, Streck, raised a reasonable doubt of defendant's guilt. For a reasonable doubt to be raised on such grounds, it must be shown that the evidence given against both defendants is identical in all respects. (*People v. Stock* (1974), 56 Ill. 2d 461, 465.) This rule has been applied only where the codefendants were tried simultaneously upon the same evidence. (*People v. Hill* (1978), 65 Ill. App. 3d 879, 886.) The rule is not applicable in a case such as this, where the defendants have received separate trials which were held at different times.

For the reasons stated above the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.