THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT HARRIS, Defendant-Appellant.

(No. 74-57;

Third District—November 14, 1975.

James Geis, of State Appellate Defender's Officer, of Ottawa, for appellant.

Frank X. Yackley, State's Attorney, of Ottawa (F. Stewart Merdian and Robert Janes, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant, Robert Harris, was convicted of burglary and theft following a jury trial in the Circuit Court of La Salle County. The verdict on the theft conviction was vacated prior to sentencing. Defendant appeals, contending that there was a failure to prove his entry was unauthorized, that the giving of a jury instruction constituted reversible error, and that portions of the State's closing arguments were improper and prejudicial.

The facts may be briefly summarized as follows. Rudy's Market, a supermarket open 24 hours a day in Ottawa, Illinois, had become aware of shortages in the register receipts and gross profit margin. Accordingly, a security guard was assigned to observe activities at the supermarket from across the street. On July 14, 1972, at approximately 1:30 a.m., he observed defendant and another man, who was defendant's brother, drive up to the store in a station wagon. After a brief conversation with the night clerk, defendant and his brother filled carts with grocery items while the clerk stood outside. The security guard approached the men as they were loading the grocery items into the car and ordered them back into the store. When the guard then attempted to call the police,

defendant scuffled with the guard and fled. Defendant was eventually extradited to Illinois for this trial from Texas where he had been incarcerated for a marijuana conviction.

The testimony at trial indicated that defendant had approached the night clerk some time before this incident to discuss the possibility of an arrangement whereby defendant could pay the clerk money or marijuana in return for groceries. Apparently the clerk had accommodated other people in this manner. On the date in question, defendant paid the clerk $50 and received groceries with a retail value of over $600.

Defendant's first contention is that the evidence is insufficient to prove that his entry was unauthorized, an essential element of burglary under section 19—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 19—1). He argues that the night clerk had consented to this transaction, and that when one enters with specific consent, albeit for an unlawful purpose, it cannot logically be said that his entry is unauthorized.

In order to sustain a burglary conviction, the prosecution must show that there is an entry which is both without authority and with intent to commit a felony or theft. (Ill. Rev. Stat. 1973, ch. 38, § 19—1.) Furthermore, the general authority to enter a building open to the public extends only to those who enter for a purpose consistent with the reason the building is open. An entry with intent to commit a theft is not within the authority granted to patrons of a supermarket. (*People v. Weaver*, 41 Ill.2d 434, 243 N.E.2d 245 (1969).) Therefore, defendant's argument is based on the assumption that the clerk had authority to consent to this transaction or that defendant reasonably believed that the clerk had such authority.

During the trial the store manager and the night clerk both testified that the clerk had no actual authority to engage in transactions of this type. Defendant testified on direct examination that he did not consider his conduct to be criminal and felt that he was involved in a legitimate deal. He stated on cross-examination, however, that he knew what the clerk was doing was wrong, that he thought that the "deal" was not right, and that he thought that the clerk might be engaging in criminal activity.

■■ It is clear from the record that the clerk had no actual authority to engage in this transaction. There was also ample evidence concerning the intent and knowledge of the defendant on the issue of whether the defendant believed he was engaging in a legitimate deal with an apparently authorized representative of the supermarket. The jury could consider all of the evidence, including the details of the arrangement between defendant and the clerk, and the fact that defendant struggled

with the security guard and fled. Certainly the jury, in determining credibility, was not bound to believe defendant's assertion that he thought he was involved in a legitimate transaction.

The case cited by defendant, *Love v. People*, 160 Ill. 501, 43 N.E. 710 (1896), is clearly inapplicable. In *Love*, the owner of the premises had expressly consented to the entry for purposes of entrapment. That case is not controlling in the situation here, where defendant's entry could be deemed to be pursuant to a conspiracy between defendant and the employee to commit a theft of the supermarket. Moreover, the record shows that the jury was instructed that the entry had to be unauthorized and was also given an instruction defining "owner" according to section 15—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, § 15—2). Therefore the issue of whether defendant's entry was unauthorized was fairly before the jury, and its finding will not be disturbed here. With the defense of apparent authority disposed of, this case is essentially an unauthorized entry into a building open to the public with intent to commit a theft, as in *People v. Weaver*.

Defendant next contends that the following instruction resulted in prejudicial error:

"It is no defense to the crime of burglary that the premises entered upon was open to the public."

Defendant argues that the instruction, while attempting to state the law regarding the burglary of a public building as in *People v. Weaver*, was irrelevant to this case and incomplete as it failed to state that the entry must be with the requisite intent.

■■ It is well established that a reviewing court need not consider alleged errors in an instruction where the defendant, as in this case, has not abstracted all the instructions, including those given and refused. This court is under no obligation to search out the record for all the instructions. (*People v. Bell*, 53 Ill.2d 122, 130, 290 N.E.2d 214 (1972); *People v. Daily*, 41 Ill.2d 116, 121, 242 N.E.2d 170 (1968); *People v. Robinson*, 27 Ill.2d 289, 292, 189 N.E.2d 243 (1963).) We note that although the defense is based on apparent authority, the State's case is nevertheless concerned with the entry into a public building. Moreover, the State's brief indicates that the two instructions preceding and following this instruction adequately informed the jury that the entry must be made with the requisite intent. No one instruction need state all the applicable law, and it is sufficient if the instructions, taken as a group, adequately inform the jury. (*People v. Mills*, 40 Ill.2d 4, 237 N.E.2d 697 (1968).) On the basis of the foregoing, the complained of instruction would be harmless error, if error at all, and would not compel this court to depart from the rule of *Bell* and *Daily*.

Defendant also claims that several of the prosecutor's closing arguments resulted in prejudicial error.

We have carefully considered the allegedly prejudicial remarks and do not deem it necessary to set all of them out verbatim. Defendant complains of comments directed to the credibility of defendant and trial witnesses. These comments are clearly within the bounds of proper argument. (*People v. Oden*, 26 Ill.App.3d 613, 325 N.E.2d 446 (1st Dist. 1975); *People v. Hurley*, 10 Ill.App.3d 74, 293 N.E.2d 341 (4th Dist. 1973).) Furthermore, some comments were not objected to at trial and those need not be considered on appeal. *People v. Gaines*, 9 Ill.App.3d 589, 292 N.E.2d 500 (3d Dist. 1973).

In addition, defendant complains of the following argument:

> "There is a law that's commonly used by some lawyers, they call it the law of probability, * * * but I suggest that you apply it to the facts of this case. What is more probable than not probable?"
>
> [Objection]
>
> All right I will delete the word law. What is probable and what is likely to be improbable? I say, what is probable, and what we have proved beyond all reasonable doubt is the fact that Robert Harris * * *."

■■ Defendant argues that the prosecution was attempting to instruct the jury as to an improper burden of proof. However, it appears here that the prosecutor was urging the jury to draw certain inferences from the evidence adduced at trial, such as inferences to be drawn from defendant's struggle with the security guard, which is proper argument. (*People v. Etten*, 29 Ill.App.3d 842, 331 N.E.2d 270 (5th Dist. 1975).) This comment is readily distinguishable from *People v. Weinstein*, 35 Ill.2d 467, 220 N.E.2d 432 (1966), where the prosecutor repeatedly told the jury that the defendant had to create a reasonable doubt as to her guilt. Moreover, the jury was properly instructed by the court as to the burden of proof:

Defendant also complains of the following argument:

> "And believe me ladies and gentlemen, CRIME IS EVIL. You said you believed each and everyone of you, believed in the enforcement of the criminal laws of the State of Illinois. Do you know how much crime costs in this country? Every year?
>
> [Objection]
>
> I say that the fact that this amount of merchandise was taken from this store, there is a direct relationship, to the number of police that we have to hire, the number of the, perhaps the price structure of goods and merchandise in Rudy's store * * *."

I submit to you that the community in which we all live are interested in this case, interested in the outcome of it." (Emphasis in record.)

Defendant argues that this argument was irrelevant and was prejudicial and inflammatory.

A prosecutor properly may dwell on the evils of crime and urge fearless administration of the law. (*People v. Hairston,* 46 Ill.2d 348, 263 N.E.2d 840 (1970), *cert. denied,* 402 U.S. 972, 29 L.Ed.2d 136, 91 S.Ct. 1658 (1971).) However, that part of the argument referring to costs of crime and community interest is improper since it is not related to the evidence adduced at trial and could have a tendency to prejudice the jurors by directing their attention to extrinsic matters.

██ While we agree that these statements were improper, we do not believe they constitute reversible error. These were isolated comments taken from a rather lengthy closing argument. After reading the entire record and considering the substantial evidence of defendant's guilt, we do not believe that these comments or any other allegedly improper argument constituted a material factor in the conviction. *People v. Clark,* 52 Ill.2d 374, 288 N.E.2d 363 (1972); *People v. Stahl,* 26 Ill.2d 403, 186 N.E.2d 349 (1962).

██ Convictions are not reversed simply because either or both sides made a few comments which would have been better not made. Where there is clear and convincing evidence of guilt, such comments will not require a reversal where it does not appear that they prejudicially influenced the jury or that the verdict would have been otherwise had the remarks not been made. (*People v. Bravos,* 114 Ill.App.2d 298, 252 N.E.2d 776 (1st Dist. 1969), *cert. denied,* 397 U.S. 919, 25 L.Ed.2d 100, 90 S.Ct. 927 (1970).) The judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

STOUDER, P. J., and ALLOY, J., concur.