THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY WAYNE MOORE, Defendant-Appellant.

Fourth District   No. 15249

Opinion filed May 11, 1979.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Marc D. Towler, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

On May 18, 1978, the defendant was charged by information with one count of burglary and two counts of theft in violation of sections 19—1 and 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, pars. 19—1, 16—1). The counts alleged that on May 18, 1978, the defendant entered an automobile belonging to Michelle Harl and stole a tape player, and also that defendant stole four wire hubcaps from Judith A. Gee. Following jury trial, the defendant was found guilty of burglary, criminal trespass to vehicles, and both counts of theft. Judgment was entered on the guilty verdicts for burglary and for theft. Defendant was subsequently sentenced to 5 years' imprisonment for burglary and to concurrent terms of 364 days' imprisonment for each of the theft convictions. The sentences were to be served consecutively to a sentence which defendant was then serving in another cause.

Defendant first contends that he was denied his right to counsel of his choice when the trial court refused to allow him to waive a conflict of interest by the public defender. Prior to trial, Robert Frederick, a public defender representing the defendant, filed a motion for guidance on the ground that the office of the public defender represented State witness Kenny Moore in a separate felony charge as well as representing the defendant. At the hearing on the motion it was further disclosed that Kenny Moore was defendant's brother and that the State possibly intended to call Kenny Moore as a witness against the defendant in this cause. Since Kenny Moore was represented by Larry Silkwood, a public

defender in the same office as Frederick, a conflict of interest was suggested. The State's Attorney recommended that Frederick or Silkwood withdraw from one of the cases. Frederick proposed that the defendants could waive the conflict. The court, however, was of the opinion that the conflict could not be waived.

The trial judge called Silkwood and Kenny Moore into the courtroom. The trial judge told the defendant and Kenny Moore that because of a conflict, it was necessary to appoint another attorney for one or the other of them. When given the opportunity to speak, both the defendant and Kenny Moore stated that they wanted to keep their respective lawyers even though they understood that there might be conflict of interest in their representation by attorneys from the same office. The trial judge concluded that it had no alternative other than to appoint a new attorney for the defendant since Kenny Moore had been endorsed as a witness in the cause against the defendant. Over defendant's objection, the trial court appointed private counsel to represent the defendant.

■■■ Defendant, however, has waived this issue on appeal by failing to include it in his post-trial motion. (*People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856.) Absent waiver, we note that an indigent defendant does not have a right to court-appointed counsel of his choice. (*People v. Cox* (1961), 22 Ill. 2d 534, 537, 177 N.E.2d 211, 213, *cert. denied* (1963), 374 U.S. 855, 10 L. Ed. 2d 1076, 83 S. Ct. 1925; *People v. Purvis* (1977), 48 Ill. App. 3d 813, 815, 363 N.E.2d 455, 457; *People v. Moore* (1972), 5 Ill. App. 3d 125, 129, 283 N.E.2d 264.) Nor does a defendant have the right to select a particular public defender to represent him. (*People v. Branscomb* (1969), 116 Ill. App. 2d 385, 394, 254 N.E.2d 126, 129-30.) Defendant's reliance upon *People v. Friedrich* (1960), 20 Ill. 2d 240, 169 N.E.2d 752, and *People v. Potts* (1974), 17 Ill. App. 3d 867, 309 N.E.2d 35, is misplaced. *Friedrich* recognized the right of a defendant to *employ* counsel of his own choice. *Potts* acknowledged the right of a defendant to select counsel who would appear on his behalf without fee in place of court-appointed counsel. Both *Friedrich* and *Potts* are inapplicable to the context here of an indigent defendant requiring court-appointed counsel.

Furthermore, it has been held that representation of both the defendant and a State witness against the defendant by the office of public defender may constitute a conflict of interest requiring reversal of the case. (*People v. Spicer* (1978), 61 Ill. App. 3d 748, 378 N.E.2d 169, *appeal allowed* (1978), 71 Ill. 2d 613; see also *People v. Henry* (1978)), 63 Ill. App. 3d 571, 379 N.E.2d 1340.) A valid waiver of a conflict of interest is difficult to obtain. (*People v. Coslet* (1977), 67 Ill. 2d 127, 132-33, 364 N.E.2d 67; *People v. Stoval* (1968), 40 Ill. 2d 109, 113, 239 N.E.2d 441.) Consequently, we find no fault with the trial court's determination in the

instant case to appoint counsel other than the public defender to represent defendant.

Defendant next contends he was denied a fair trial as the result of improper comments made by the prosecutor during closing argument. Defense counsel objected to statements by the prosecutor that defense counsel was trying to confuse the jury. The prosecutor stated "Mr. Knanishu might try and throw up a lot of smoke about that" and later stated, "It's because all he was trying to do is confuse you, to jumble everything up, try to mix the facts up—and maybe we can confuse them because there is certainly no way that we can directly dispel the eyewitness identification of John—." During rebuttal, the prosecutor stated:

> "MR. LAZZARO: Take the arguments he made. They can only be construed as one way. Officer Schweighart got up there, according to Mr. Knanishu, swore to tell the truth, the whole truth and nothing but the truth so help him God and then lied to you. Our police officers don't come into court and lie to jurors. Our burglars come into court and lie to juries.
>
> MR. KNANISHU: I object to this type of argument, Your Honor.
>
> THE COURT: All right. Objection sustained. Can you conclude your argument, please?"

■■■ Statements in closing argument that defense counsel is putting up a "smoke screen," "clouding the issues," and creating confusion have been regarded as permissible in similar circumstances. (*People v. Griggs* (1977), 51 Ill. App. 3d 224, 226, 366 N.E.2d 581; *People v. Ortiz* (1976), 44 Ill. App. 3d 124, 130, 357 N.E.2d 1270, 1275.) Furthermore, where defense counsel implies in his closing argument that a State witness' testimony was untrue, he cannot complain that the prosecutor's response to the argument prejudices defendant. (*People v. Weatherspoon* (1978), 63 Ill. App. 3d 315, 323, 379 N.E.2d 847.) Moreover, a suggestion that defendant lied to the jury is proper comment where it is fairly suggested by the evidence, as here. *People v. Driver* (1978), 62 Ill. App. 3d 847, 850, 379 N.E.2d 840; *People v. Smith* (1977), 52 Ill. App. 3d 583, 590, 367 N.E.2d 756, *cert. denied* (1978), 436 U.S. 961, 57 L. Ed. 2d 1127, 98 S. Ct. 3079; *People v. Anthony* (1976), 41 Ill. App. 3d 1025, 1032, 355 N.E.2d 218.

■ In any event, we regard any error in the comments of the prosecutor to be harmless in view of the overwhelming evidence of defendant's guilt. (*People v. Nicholls* (1969), 42 Ill. 2d 91, 100, 245 N.E.2d 771, *cert. denied* (1970), 396 U.S. 1016, 24 L. Ed. 2d 507, 90 S. Ct. 578; *People v. Hill* (1978), 58 Ill. App. 3d 822, 827-28, 374 N.E.2d 1020.) An eyewitness to the theft of the hubcaps described the perpetrator as a black male, wearing a dark brown leather or vinyl cap, brown jacket and striped shirt, and driving a black and yellow Cadillac. An officer responding to a radio message of

the offense followed a car in the area matching the description until the driver abandoned the vehicle and ran away. This officer described the person who abandoned the car as a black male with dark pants and a brown leather jacket. Another officer responding to the scene identified the defendant later in court as the person he saw in the area near the abandoned car who ran from him and discarded a brown leather jacket and cap. In his alibi testimony, defendant offered no explanation for the muddy and wet condition of pants and socks found in his bedroom approximately 45 minutes after the chase. Defendant's alibi witnesses could only account for his whereabouts until 1 hour before the crimes. Defendant conceded that the car identified as the one used in the commission of the offenses was his. The items taken from the victims' cars were discovered in defendant's car when it was abandoned.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

CRAVEN and TRAPP, JJ., concur.