THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS BAILEY, Defendant-Appellant.

Third District   No. 78-230

Opinion filed January 17, 1980.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was instituted by the defendant, Dennis Bailey, after he was sentenced to a determinate 5-year term of imprisonment upon a finding of guilty of burglary. Originally, the indictment charged that the defendant knowingly and without authority entered a motor vehicle of Donna Tabor. At the opening of trial, the prosecutor's oral motion to strike the words "of Donna Tabor" was allowed over the defendant's objection. Subsequently, in motions for a new trial and in arrest of judgment, the defendant asserted that the altered indictment failed to inform the defendant of the charge because it did not specifically identify the burglarized vehicle. Following arguments, the defendant's contentions were rejected.

Also prior to trial, a change of defense counsel occurred. While the public defender's office was initially appointed to represent the defendant, that office was forced to withdraw due to an expected conflict of interest resulting from the dual representation of the defendant and one Eddie Howard, and the belief that Howard may, if called as a witness, give testimony detrimental to the defendant. At the time of the public defender's motion to withdraw, the defendant stated he desired that the public defender appointed to represent him continue his representation of the defendant, but the trial court appointed new private counsel.

After finding the defendant guilty of burglary in a bench trial, the trial court conducted a sentencing hearing wherein the trial court, recognizing that the defendant was required to make an election to be sentenced under the law existing at the time of the offense or under the Amendatory Act of 1977, which became effective February 1, 1978 (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1008—2—4(b)), admonished the defendant regarding the general differences between the old and new sentencing laws but did not specify a sentence which would be imposed under either sentencing scheme upon the defendant making that election. The defendant elected to be sentenced under the new law and was accordingly sentenced.

Whether the altered indictment was fatally defective for failing to sufficiently identify the motor vehicle burglarized is the first issue raised by the defendant. In *People v. Gregory* (1974), 59 Ill. 2d 111, 319 N.E.2d 483, the Illinois Supreme Court held that an indictment for burglary, to be sufficient, need not allege the ownership of the burglarized premises, but indicated, in its comments before overruling *People ex rel. Ledford v. Brantley* (1970), 46 Ill. 2d 413, 263 N.E.2d 27, that the building must be otherwise identified. In *Gregory* the address of the building was included in the indictment. In the case at bar, the altered indictment merely stated that the defendant "knowingly, without authority entered a motor vehicle, said motor vehicle being a 1976 Ford Granada."

■■ This altered indictment fails to cite the license plate number of the vehicle, or other identification number, or even the location of the vehicle at the time of the alleged entry. It is highly probable that more than one 1976 Ford Granada exists in Peoria County. However, the defendant testified that he had entered this vehicle. His defense was that he thought the car belonged to his friend and, even though he did touch the citizens band radio, he testified he only talked into it. It is obvious the wording of this indictment did not prejudice the defendant in the preparation of his defense.

■■ Furthermore, a post-trial motion challenging the sufficiency of an indictment will warrant the dismissal of the indictment only if the court in which the charge was filed does not have jurisdiction or the charge does not state an offense (Ill. Rev. Stat. 1977, ch. 38, par. 114—1(b)), and a motion in arrest of judgment can be granted only if one of those conditions exists (Ill. Rev. Stat. 1977, ch. 38, par. 116—2(b); *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171). In this appeal there is no allegation that the Circuit Court of Peoria County had no jurisdiction. The relevant question is whether the removal of the words "of Donna Tabor" caused the indictment to no longer state an offense.

■■■ Of course, all indictments must set forth the nature and elements of the offense charged. (Ill. Rev. Stat. 1977, ch. 38, par. 111—3(a)(3).) The material elements of burglary are "an entry which is both without authority and with intent to commit a felony or theft." (*People v. Harris* (1975), 33 Ill. App. 3d 600, 602, 338 N.E.2d 129, 130). These elements, of course, are derived from the statutory definition of burglary. (Ill. Rev. Stat. 1977, ch. 38, par. 19—1(a).) The ownership of or the precise legal title to the burglarized premises is not an element of burglary. (*People v. Gregory* (1974), 59 Ill. 2d 111, 319 N.E.2d 483; *People v. Tripkovich* (1972), 6 Ill. App. 3d 37, 284 N.E.2d 323). As a result, we cannot conclude that the alteration of this indictment rendered is defective.

■■ The remaining issues raised by the defendant may be disposed of summarily. It has recently been determined by this court that a trial

court's failure to specify alternative sentences did not deprive the defendant of a meaningful election between the old and new sentencing schemes. *People v. Peoples* (1978), 71 Ill. App. 3d 842, 390 N.E.2d 554.

■■ To argue that the defendant was deprived of counsel of his own choice by the trial court's refusal to permit the defendant to waive his first appointed counsel's anticipated conflict of interest begs the question for the first counsel, also having been appointed, was not chosen by the defendant. An indigent defendant does not have a right to court-appointed counsel of his own choice (*People v. Moore* (1979), 71 Ill. App. 3d 451, 389 N.E.2d 944). Had the same counsel been retained and the conflict actually arose, a reversal and remandment would have been necessitated. It cannot be said to be error for a trial court to take action to avoid a significant error. Furthermore, while the defendant was initially hesitant to change counsel, at no time following the appointment of the second counsel has the defendant objected to his representation. It being apparent that the defendant has accepted the change in counsel, the consideration of this issue is therefore waived.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY and STENGEL, JJ., concur.