THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GEORGE LAIN, Defendant-Appellant.

Third District   No. 79-285

Opinion filed February 7, 1980.—Rehearing denied March 6, 1980.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

This appeal was instituted by the defendant, George Lain, following his conviction on one count of theft. In his appeal, the only issue raised is whether the trial court erred by allowing the public defender initially appointed to represent the defendant to withdraw and by appointing a new defense counsel without affording the defendant an opportunity to waive the conflict of interest, which was the basis of the public defender's motion to withdraw, and without obtaining the defendant's consent to the appointment of counsel other than the public defender.

Asserting that the victim of the charged offense was a client of the law firm with which the public defender was associated, the motion for the public defender to withdraw as counsel was presented to the trial court at a proceeding conducted in the presence of the defendant. In that proceeding, the public defender briefly explained the nature of the conflict which affected his own representation of the defendant, as well as the representation of the entire Will County public defender's office, in the view of the public defender.

Promptly allowing the motion, the trial court appointed a private attorney to represent the defendant in this cause. No inquiry, however, was made as to the defendant's understanding of the situation or regarding his desires concerning legal representation.

From that time, the appointed private counsel represented the defendant. No objections were made to the withdrawal or appointment, either during or after the trial. While an oral motion for a new trial was made, without objection by the State as to the form, the motion stated no specific allegations of error as grounds for a new trial.

■■ In responding to the issue presented in this appeal, the State interposes an argument based on the theory that the defendant has waived the consideration of this issue. The underlying premise of the waiver rule is that the trial court must have been given an opportunity to correct any alleged error, and the alleged error will not be considered preserved, for purposes of review, if the complaining party has failed to present such an opportunity to the trial court, either by objection or post-trial motion. (*People v. Long* (1968), 39 Ill. 2d 40, 233 N.E.2d 389.) In a bench trial, as was involved in the present case, the filing of a post-trial motion is not necessary to preserve the error, but that does not remove the requirement that the alleged error must, somehow, have been brought to the attention of the trial court. *People v. Guynn* (1975), 33 Ill. App. 3d 736, 338 N.E.2d 238.

■■ In the present case, no objections to the withdrawal or appointment were made in the case at bar. Therefore, unless the defendant's post-trial motion preserved the issue for consideration, it has been waived. A nonspecific oral motion, which is not objected to by the State, preserves any alleged error which might appear in the record, even though such error is not specified in the oral post-trial motion. (*People v. Whitehead* (1966), 35 Ill. 2d 501, 221 N.E.2d 256; *People v. Prohaska* (1956), 8 Ill. 2d 579, 134 N.E.2d 799.) Since the State did not object to the defendants nonspecific, oral motion for a new trial, the alleged error has been preserved for review.

●■■ On the other hand, while the above discussion indicates the issue has been preserved for review, it also indicates that, at least until the post-trial motion stage, this defendant acquiesced in the withdrawal of the public defender and the appointment of private counsel. Although the consent of the defendant is required for a trial court to appoint counsel for an indigent defendant other than the public defender where the trial court has determined that appointment of the public defender would prejudice the rights of the defendant (Ill. Rev. Stat. 1977, ch. 34, par. 5604), such consent may be demonstrated, as here, by the defendant's acquiescence in the appointment. This does not mean, however, that the defendant has the right to select the appointed counsel (*People v. Cox* (1961), 22 Ill. 2d 534, 177 N.E.2d 211, *cert. denied* (1963), 374 U.S. 855, 10 L. Ed. 2d 1076, 83 S. Ct. 1925; *People v. Heidelberg* (1975), 33 Ill. App. 3d 574, 388 N.E.2d 56), but is merely a recognition that a defendant may knowingly waive a conflict of interest. Also, although a defendant must be given an opportunity to waive a conflict of interest in retained counsel, recognizing defendant's right to employ counsel of his own choice (*People v. Friedrich* (1960), 20 Ill. 2d 240, 169 N.E.2d 752), the defendant has no such right where counsel is court appointed. *People v. Moore* (1979), 71 Ill. App. 3d 451, 389 N.E.2d 944.

■■ Furthermore, the defendant's acquiescence continues on appeal, for although the defendant argues that he should have been given an opportunity to voice his objections or consent at the time the public defender withdrew as counsel, the defendant does not argue that his appointed private counsel was incompetent in his representation of the defendant. Add to this the facts that the conflict of interest raised by the public defender has been recognized to be a per se conflict of interest (*People v. Robinson* (1978), 59 Ill. App. 3d 514, 375 N.E.2d 582), and that a valid waiver of a conflict of interest is often difficult to obtain (see *People v. Coslet* (1977), 67 Ill. 2d 127, 364 N.E.2d 67; *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441), we find no error requiring the reversal of this of the judgment.

In any event, had error occurred here, it would be considered

harmless since the defendant not only confessed his guilt to the police, but also admitted on the witness stand that he had taken the automobile. Accordingly, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.