THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JACK D. SIMMONS, Defendant-Appellant.

Third District   No. 79-27

Opinion filed August 8, 1980.

BARRY, J., dissenting.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

After trial by jury in the circuit court of Peoria County, the defendant Jack D. Simmons was convicted of the offense of felony escape. (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(a).) A sentence of three years' imprisonment was imposed on the conviction, the same to run consecutively with a previous sentence imposed on the defendant.

On November 10, 1977, while a resident of the Peoria Community Correctional Center, the defendant was granted permission to spend six hours of independent day release at a local shopping center. He was driven to the shopping area by an employee of the Correctional Center. He was left there, unaccompanied, and never returned to the Correctional Center.

A number of issues have been raised by the defendant, and a more detailed recitation of factual and procedural matters pertaining to these issues will be set forth when pertinent.

The defendant contends that error was committed when the trial court appointed new counsel for him prior to trial without giving him an opportunity to waive any conflict of interest his attorney may have had.

An examination of the record discloses that the trial court was confronted with a precarious conflict of interest question. Prior to trial the court became aware of the fact that the public defender representing the defendant had represented the People in a previous prosecution of the defendant. The trial court promptly replaced the public defender with other appointed counsel. Before addressing the issue raised by the defendant this court can and does make an aside to the effect that had the trial court failed to replace original counsel and had defendant been convicted, he would now be claiming reversible error because of conflict of interest on the part of his counsel.

The issue raised by the defendant that he was denied a right to waive any conflict of interest his first attorney may have had is not properly before this court. The defendant has waived it by failing to include it in his post-trial motion. (See *People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227; *People v. Bailey* (1980), 80 Ill. App. 3d 242, 399 N.E.2d 724; *People v. Moore* (1979), 71 Ill. App. 3d 451, 389 N.E.2d 944.) Should we disregard the waiver and consider this issue, the result would not be pleasing to the defendant, because the precise issue was considered in the cases cited and determined adversely to the contention of the defendant. *Moore*, 71 Ill. App. 3d 451, 453-54, 389 N.E.2d 944, 946.

The defendant raises two additional issues which are (1) the defendant's conviction for escape must be reversed since the State's proof did

not show that his escape was from a penal institution or that his conduct in fact constituted an escape; (2) that his conviction for felony escape under section 31—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(a)) must be reversed since if his conduct did constitute an escape he should have been prosecuted for a misdemeanor under section 3—6—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—4(a)).

These precise issues were presented to this court in the cases of *People v. Cole* (1980), 84 Ill. App. 3d 347, 405 N.E.2d 347, and *People v. Orrs* (1980), 87 Ill. App. 3d 4. The factual situation in the instant case is so comparable to those presented in *Cole* and *Orrs* that resolution of the issues, which is contrary to the defendant's contentions, will be the same as reached in these prior cases. The reasoning and citations relied upon in determining the issues are fully set forth in the cases of *Cole* and *Orrs*, and we will not set forth an additional recitation of the same, since to do so would be unnecessarily repetitive and serve no useful purpose.

Taken with this case for consideration was a *pro se* motion of the defendant to add additional issues, namely that he was denied a speedy trial and that he was placed in double jeopardy. An examination of the record discloses a lack of merit to these issues and also that there was a failure of the defendant to include these issues in his post-trial motion and hence the same are waived. Accordingly, the motion of the defendant is denied.

For the reasons stated the conviction of the defendant and the sentence imposed thereon by the circuit court of Peoria County is affirmed.

Affirmed.

STENGEL, J., concurs.


Mr. JUSTICE BARRY, dissenting:

For the reasons I have set forth in my dissenting opinion in *People v. Cole* (1980), 84 Ill. App. 3d 347, 405 N.E.2d 347, and *People v. Orrs* (1980), 87 Ill. App. 3d 4, I dissent in the case at bar. Prosecution for failure to return from day release, like failure to return from furlough (*Cole*) and work release (*Orrs*), is not to be by charging a violation of section 31—6(a) of the Criminal Code (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(a)) but rather pursuant to the directives of section 3—13—4(b) and 3—6—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, pars. 1003—13—4(b), 1003—6—4(a)). In my opinion, because prosecution under 31—6(a) was improper here also, the defendant's conviction must be reversed.