THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH WHITE, Defendant-Appellant.

Third District    No. 80-592

Opinion filed May 15, 1981.

Robert Agostinelli and Stephen Omolecki, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Ralph White, appeals from his conviction for burglary following a jury trial in the Circuit Court of Peoria County. The only issue raised on appeal is whether the circuit court erred in permitting the defendant's counsel, the public defender, to withdraw his representation due to a potential conflict of interest without the court first advising the defendant that he had the right to waive or consent to the conflict of interest. We affirm.

The defendant and a co-defendant were charged by indictment with burglary. Both were represented by the same public defender. At a pretrial hearing, the co-defendant informed the court that he wished to plead guilty, while the defendant elected to proceed to jury trial. The public defender then moved to withdraw from representing the defendant because of the possibility of a conflict of interest arising from his multiple representation. In regard to this motion, the following colloquy occurred between the circuit judge and the defendants:

"THE COURT: Mr. Green and Mr. White, do each of you understand what Mr. Tilton (the public defender) is talking about

when he says there is a possible conflict or is a conflict in representing both of you. Do you understand that, Mr. Green?

GREEN: Yes, sir.

THE COURT: Mr. White, do you?

WHITE: Yes, sir.

THE COURT: That being the case, then, Mr. Tilton, the Public Defender is granted leave to withdraw from representing Mr. Ralph White, one of the Defendants in this case. And perhaps, Mr. LaSaine, the Court could appoint you to represent Mr. Ralph White. Do you know of any reason why you could not or should not be representing this Defendant Mr. White?

MR. LASAINE: No, Judge."

Subsequently, with Mr. LaSaine representing him, the defendant proceeded to trial where the jury found him guilty as charged. The defendant raises no question concerning the adequacy of his second counsel's representation.

The defendant contends that the circuit court erred in denying the defendant his right to waive any conflict of interest his first attorney may have had and requests this court to reverse his conviction and remand the cause for a new trial. In response, the State argues that (1) the defendant waived consideration of this issue on appeal by failing to raise it during trial or by post-trial motion, and (2) assuming, *arguendo*, that the defendant preserved the issue for review, the court acted properly in appointing private counsel to replace the public defender who had a potential conflict of interest.

■■ As the defendant concedes in his brief, Illinois courts have ruled that in similar circumstances the defendant waived consideration of this issue for purposes of appeal by failing to object to it during trial or by post-trial motion. (See *People v. Simmons* (1980), 87 Ill. App. 3d 18, 409 N.E.2d 99, *appeal allowed* (1981), 82 Ill. 2d 587; *People v. Bailey* (1980), 80 Ill. App. 3d 242, 399 N.E.2d 724; *People v. Moore* (1979), 71 Ill. App. 3d 451, 389 N.E.2d 944.) Nevertheless, he asks this court to reconsider these holdings on the grounds that it is unreasonable to expect appointed counsel to object to his own representation of the defendant and urge the court to reappoint other counsel. We decline to reconsider the propriety of these holdings. The Illinois Supreme Court in *People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227, rejected an argument similar to that the defendant advances today. These cases control; thus, the defendant, by failing to raise the issue of whether the circuit court denied his right to waive his first counsel's possible conflict of interest, waived consideration of this issue for purposes of appeal.

Furthermore, should we consider the merits of the defendant's

appeal, "the result would not be pleasing to the defendant, because the precise issue was considered (in *People v. Bailey* (1980), 80 Ill. App. 3d 242, 399 N.E.2d 724; *People v. Moore* (1979), 71 Ill. App. 3d 451, 389 N.E.2d 944) and determined adversely to the contention of the defendant." *People v. Simmons* (1980), 87 Ill. App. 3d 18, 19, 409 N.E.2d 99, 100.

■■ ■ We have long recognized that multiple representation of criminal defendants may constitute a denial of the defendant's sixth and fourteenth amendment rights to effective assistance of counsel. (See *Glasser v. United States* (1941), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457; also *Cuyler v. Sullivan* (1980), 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708.) Although the law is equally settled that a defendant can waive counsel's conflict of interest (*People v. Robinson* (1979), 79 Ill. 2d 147, 402 N.E.2d 157), a knowing and intelligent waiver of a conflict of interest is extremely difficult to obtain. (See *People v. Meyers* (1970), 46 Ill. 2d 149, 263 N.E.2d 81; *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441.) Had the first counsel been retained and had the conflict of interest arisen, this court no doubt would have intensely scrutinized the defendant's waiver. We cannot find error in the circuit court's decision to remove the first counsel to avoid a significant error. (*People v. Bailey* (1980), 80 Ill. App. 3d 242, 399 N.E.2d 724.) This is especially true where the defendant's first counsel was appointed by the court. An indigent defendant has no right to court-appointed counsel of his own choice. *People v. Cox* (1961), 22 Ill. 2d 534, 177 N.E.2d 211, *cert. denied* (1963), 374 U.S. 855, 10 L. Ed. 2d 1076, 83 S. Ct. 1925.

For the foregoing reasons, we find the circuit court did not err in denying the defendant's right to waive his first counsel's possible conflict of interest. Accordingly, we affirm the judgment of conviction entered in the Circuit Court of Peoria County.

Affirmed.

BARRY and STOUDER, JJ., concur.