THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDY TROUTT, Defendant-Appellant.

Fifth District   No. 5—87—0130

Opinion filed July 14, 1988.

Clyde L. Kuehn, of Kuehn & Rhein, of Belleville, for appellant.

Kathleen Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Randy Troutt, was charged by information in the circuit court of Jefferson County with home invasion, attempted home invasion, residential burglary, armed violence, attempted murder, and

unlawful use of weapons. The cause was subsequently transferred to Hamilton County on defendant's request that venue be transferred. After a trial by jury, Troutt was found guilty on all counts. The trial court vacated the verdicts of attempted home invasion, residential burglary, and attempted murder, and entered judgment on the verdicts of home invasion, armed violence and unlawful use of weapons. Troutt was sentenced to two 15-year terms for home invasion and armed violence and 364 days on the unlawful use of weapons charge, with all sentences to run concurrently. Troutt appeals the judgments and the sentences imposed thereon.

The charges arose from conduct occurring on March 25, 1986. On that date, Troutt was observed standing on the side of Highway 37 in Mt. Vernon, Illinois, swinging a machete at passing cars. Troutt next began swinging at a small dog, whereupon the dog's owner, Theresa Severs, shouted to him to stop. Troutt then advanced to the front door of the Severs residence and began striking the door and shouting, "I'll kill you." Finally, Troutt moved to a window near the door, broke out the glass and continued striking the window frame. According to the testimony of several witnesses, Troutt placed his arm through the window as if to pull himself through and was thereupon shot and wounded by Mr. Severs. Troutt also testified that on the day of the incident he had "gotten high" on cocaine and PCP (phencyclidrine).

Troutt's first argument on appeal is that the trial court erred in removing his court-appointed counsel. Special public defender Charles Stowe had been appointed to represent Troutt, but was removed when the trial court learned that a potential conflict of interest might have existed between Stowe's representation of Troutt and his representation of a defendant in another case, People v. Odle. The assistant State's Attorney informed the court that during the *voir dire* in People v. Odle, Stowe stated that Odle was under the influence of LSD on the date of the offenses for which he was charged. At that time, Stowe also implied to the trial court that Troutt was a drug dealer, that he may have supplied Odle with LSD, and that Troutt told him this after he had been appointed to represent Troutt. The assistant State's Attorney further stated that Troutt had been subpoenaed in the Odle case and that Troutt had sent a letter to the State's Attorney's office raising a question of whether a conflict of interest existed. Despite Troutt's indication that he wished Stowe to continue to represent him, the trial court ruled that there was a conflict of interest and replaced Stowe as Troutt's attorney.

The sixth amendment guarantees that in all criminal prosecu-

tions the accused shall have a right to assistance of counsel. (*United States v. Morrison* (1981), 449 U.S. 361, 66 L. Ed. 2d 564, 101 S. Ct. 665.) This embodies both the right to effective representation by competent counsel and the right to counsel of one's own choice. (*People v. Johnson* (1979), 75 Ill. 2d 180, 387 N.E. 2d 688; *People v. Davis* (1983), 114 Ill. App. 3d 537, 449 N.E.2d 237.) A defendant may exercise his right to counsel of his own choice even where it jeopardizes his right to effective assistance of competent counsel if the defendant makes knowing, voluntary, and intelligent waiver of that right. (*People v. Cox* (1961), 22 Ill. 2d 534, 177 N.E.2d 211, *cert. denied* (1963), 374 U.S. 855, 10 L. Ed. 2d 1076, 83 S. Ct. 1925; *People v. Lewis* (1981), 88 Ill. 2d 129, 430 N.E.2d 1346.) The right to counsel of one's own choice is not unlimited, however, and an indigent criminal does not have a right to select the attorney to be appointed for him by the court. *Lewis*, 88 Ill. 2d at 160, 430 N.E.2d at 1361; *People v. Bailey* (1980), 80 Ill. App. 3d 242, 399 N.E.2d 724; *People v. Moore* (1979), 71 Ill. App. 3d 451, 389 N.E.2d 944.

The cases Troutt relies upon, *Johnson* and *Davis*, are fundamentally different from the case at bar. Those cases focused on the competency of trial counsel. The reviewing courts held in both cases that defendant's right to counsel of his choice entitled him to the option of waiving any ineffective assistance of counsel claim.

■ In the present case, however, the trial court removed Troutt's court-appointed attorney because of a conflict of interest. Trial courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and to avoid even the appearance of impropriety in the legal proceedings before them, and must, therefore, be given the discretion to deny a criminal defendant's proffered waiver of any potential conflict. (*Wheat v. United States* (1988), 486 U.S. ___, 100 L. Ed. 2d 140, 108 S. Ct. 1692.) We conclude that the trial court did not abuse its discretion in removing Stowe as Troutt's attorney without giving Troutt the opportunity to waive the conflict of interest.

Troutt also argues that he was denied effective assistance of counsel. Specifically, Troutt alleges that trial counsel made no motion for a directed verdict on the attempted murder charge, or on the charges of residential burglary or home invasion; failed to argue that the evidence supported reasonable doubt as to whether Troutt entered the dwelling; failed to object to numerous admissions of allegedly prejudicial and inadmissible evidence regarding Troutt's history of drug use and criminal behavior; and elicited damaging testimony from Troutt as to his use of drugs.

To prevail on an ineffective assistance of counsel claim, a defendant must show (1) that counsel's representation of him fell below an objective standard of reasonableness and that he was thereby deprived of a fair trial, and (2) that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) After a review of the record, we conclude that Troutt fails to demonstrate either requirement of the *Albanese* test.

The primary issues at trial were whether Troutt "entered" the dwelling and whether he had the required *mens rea* at the time in question. Trial counsel's defense strategy was to show that Troutt was under the influence of drugs and therefore incapable of entertaining the requisite intent to commit any of the crimes with which he was charged.

Decisions on matters of trial strategy must be accorded great deference by a reviewing court and such decisions will not support a claim of ineffective assistance of counsel unless they are patently erroneous. Counsel's decision in the present case to pursue the lack of intent defense, his questioning of Troutt as to his history of drug use in order to bolster this defense, and his decision not to argue the lack of intent defense are all matters of trial strategy. Given that several eyewitnesses identified Troutt and testified that he placed his arm through the window as if to climb in, we cannot say that counsel's choice of strategy was patently erroneous. Further, given the evidentiary strength of these eyewitnesses' testimony, we do not believe that any of the evidence admitted by the State as to Troutt's history of drug use and criminal activity could be sufficiently prejudicial to deprive Troutt of a fair trial or that had defense counsel objected to it and prevented its admission, the outcome of the trial would have been different. Finally, defense counsel's failure to move for a directed verdict on the attempted murder charge and residential burglary charges cannot be prejudicial as they were vacated by the trial court. We find that no ineffective assistance of counsel has been demonstrated.

Troutt's third argument on appeal is that the State failed to prove beyond a reasonable doubt that he was guilty of the offense of home invasion. Citing *People v. Snow* (1984), 124 Ill. App. 3d 955, 464 N.E.2d 1262, Troutt maintains that to commit the offense of home invasion, force must be used or threatened *after* unlawful entry. This interpretation of *Snow* was expressly rejected in *People v. Kovacs* (1985), 135 Ill. App. 3d 488, 481 N.E.2d 1071, in which the court held that the statute defining the offense does not require the use or threat of force after entry is gained and that the complete offense of

home invasion comprises conduct both inside and outside the dwelling. The evidence in the present case was sufficient for the jury to find all elements of the offense of home invasion.

Finally, Troutt argues that his sentence was excessive. This argument is based on testimony as to his generally peaceable, nonviolent nature and rehabilitative potential. Duration or severity of sentence rests with the sound discretion of the trial court and, while this court possesses the authority to modify a sentence, such authority should be exercised only where the trial court has clearly abused its discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) While no one was actually harmed by Troutt's actions, two of the crimes in question were Class X felonies involving the threat of serious bodily harm or death and the sentence of 15 years was well within the range provided for such crimes. We find no abuse of discretion in the trial court's sentence.

The judgment of the circuit court of Hamilton County is affirmed.

Affirmed.

HARRISON, P.J., and CALVO, J., concur.